OPINION
{¶ 1} Defendants-appellants American Alliance Insurance Company and American National Fire Insurance Company appeal the December 20, 2002 Judgment Entry of the Stark County Court of Common Pleas, which granted summary judgment against them in favor of plaintiffs-appellees Janice L. Dean, Executrix of the Estate of Kenneth R. Dean, and Raymond Dean, individually.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On June 30, 1998, Kenneth Dean was killed in an automobile accident. Nicholas Prato is alleged to have caused the collision resulting in Dean's death. Dean was operating his own vehicle at the time of the accident.
 {¶ 3} On the date of the accident, Dean was employed by the Timken Company, but was not working at the time of the accident. Appellants Royal Insurance Company of America and American and Foreign Insurance Company (collectively "AFIC") insured Timken under two policies: a commercial general liability policy and a commercial auto policy. Federal Insurance Company ("Federal") insured Timken under an umbrella policy.
 {¶ 4} At the time of the accident, Janice Dean, Kenneth Dean's wife, was employed at North Canton Medical Foundation. American Alliance Insurance Company ("American Alliance") and American National Fire Insurance Company ("American National") issued two separate policies of insurance to North Canton Medical Foundation. American Alliance issued a commercial general liability policy with limits of $1,000,000. American National issued an excess umbrella policy with limits of $3,000,000.
 {¶ 5} On the date of the accident, Kenneth and Janice's son, Raymond Dean, did not live with them, but was also employed by Timken.
 {¶ 6} At the time of the accident, the alleged tortfeasor Prato had insurance with Cincinnati Insurance Company with limits of $100,000/300,000. The Deans had an automobile policy with Grange Insurance with a UIM limit of $150,000. On January 25, 1999, Janice Dean settled with Nicholas Prato for $100,000, and signed a release giving up any further rights against Prato. Subsequently, she settled with Grange for $150,000.
 {¶ 7} The instant suit was filed on March 1, 2001. On August 14, 2001, the trial court issued an order specifying the briefs were to concern the coverage issue only. The case was subsequently transferred to another judge. On December 12, 2002, the trial court via Judgment Entry found coverage under both AFIC policies, the Federal policy and both the American Alliance and American National insurance policies. The trial court did not address the issues of setoff or arbitration.
 {¶ 8} On December 20, 2002, the trial court issued a Nunc Pro Tunc order including Rule 54(B) language. It is from this judgment entry American Alliance and American National appeal, raising the following assignments of error:
 {¶ 9} "I. The Trial Court Erred In Finding That The American Alliance Cgl Policy Was An Automobile Liability Insurance Policy Subject To R.C. 3937.18 And That Janice Dean Was Entitled To Coverage Under The Policy.
 {¶ 10} "II. The Trial Court Erred In Finding That The American National Umbrella Policy Provided Uim Coverage To Plaintiff-Appellee Janice Dean."
 {¶ 11} Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. Smiddy v. The Wedding Party, Inc. (1987),30 Ohio St.3d 35, 36.
 {¶ 12} Civ.R. 56(C) states, in pertinent part:
 {¶ 13} "Summary Judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor."
 {¶ 14} Pursuant to the above rule, a trial court may not enter a summary judgment if it appears a material fact is genuinely disputed. The party moving for summary judgment bears the initial burden of informing the trial court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. The moving party may not make a conclusory assertion that the non-moving party has no evidence to prove its case. The moving party must specifically point to some evidence which demonstrates the non-moving party cannot support its claim. If the moving party satisfies this requirement, the burden shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. Vahila v. Hall (1997), 77 Ohio St.3d 421, 429, citing Dresher v.Burt (1996), 75 Ohio St.3d 280.
 {¶ 15} It is based upon this standard we review American Alliance and American National's assignments of error.
 I {¶ 16} In the first assignment of error, appellants contend the trial court erred in finding the American Alliance CGL policy was an automobile liability policy subject to R.C. 3937.18, and Janice Dean was entitled to coverage under the policy.
 {¶ 17} The CGL policy provides coverage for "hired" and "non-owned autos" only. Appellants maintain the CGL policy does not specifically identify vehicles for which liability coverage would be provided under the policy; therefore, does not fall within the definition of automobile liability policy of insurance subject to R.C. 3937.18.
 {¶ 18} Appellant relies upon this Court's recent decision inBowles v. Utica National Ins. Group, Licking App. No. 02CA68,2003-Ohio-254. Bowles states:
{¶ 19} "We must next determine whether the policy in question was a motor vehicle liability policy and therefore subject to R.C. 3937.18.
 {¶ 20} "Appellant argues that the policy's inclusion of "hired" and "non-owned" automobiles extends liability coverage to the specified categories of autos, namely, autos that are "non-owned, non-rented, or non-loaned." Appellant relies on Selander v. Erie Ins. Group (1999),85 Ohio St.3d 541, 1999 Ohio 287, 709 N.E.2d 1161, for the proposition that, by specifically providing coverage for autos which are "hired" or "non-owned" by the insured, the policy issued by Republic Franklin is an automobile or motor vehicle liability policy pursuant to R.C. 3937.18. We find Appellant's reliance on Selander to be misplaced. ***
 {¶ 21} "*** Selander applied an earlier version of R.C. 3937.18, one which predated the enactment of H.B. 261. See Id. H.B. 261 amended R.C. 3937.18 to include a definition for an "automobile liability or motor vehicle liability policy of insurance." "R.C. 3937.18(L)(1) significantly narrows the scope of policies that must include uninsured and underinsured motorist coverage when compared with the [Ohio Supreme Court's] interpretation of the previous version of the statute." Jump v.Nationwide Mut. Ins. Co., 2d Dist. No. 18880, 2001 Ohio 1699, appeal not allowed (2002), 94 Ohio St.3d 1491, 763 N.E.2d 1188.***
 {¶ 22} "***R.C. 3937.18 as it was in effect on the date of the accident, provided that an automobile liability or motor vehicle liability policy of insurance means any policy of insurance that serves as proof of financial responsibility, as proof of financial responsibility is defined in the Revised Code, for owners or operators of the motor vehicles specifically listed in the policy of insurance, or any umbrella liability policy. The new version of R.C. 3937.18(L) limits the definition of automobile liability policy by requiring vehicles to be "specifically identified" therefore, Republic Franklin would have been required to offer underinsured motorists coverage to New Song if its policy served as proof of financial responsibility for owners or operators of motor vehicles specifically listed in the policy of insurance, or if the policy was an umbrella liability policy.***
 {¶ 23} "***The policy before us has no listing of specifically identified vehicles, and we therefore conclude it is not a motor vehicle or automobile liability policy. For this reason, we conclude appellee Republic Franklin did not have to offer UM/UIM insurance coverage to New Song, and the coverage does not arise by operation of law." Bowles,
supra.
{¶ 24} In the case sub judice, it is undisputed the post-H.B. 261version of R.C. 3937.18 was in effect on the date of the accident andapplies in this matter. Because appellant's commercial general liability policy does not insure motor vehicles "specifically identified in the policy," R.C. 3937.18 does not apply. Id. Jump v. Nationwide Mut. Ins.Co., 2001 Ohio 1699, 2nd App. No. 18880; Pugh v. Erie Ins. Exchange,2002 Ohio 5929, Stark App. No. 2002CA00134 (mobile equipment provision insufficient to satisfy "specifically identified" vehicle requirement in R.C. 3937.18 as amended by H.B. 261); Pickett v. Ohio Farmer's Ins. Co.,2002 Ohio 259, Stark App. Nos. 2001CA00227, 2001CA00236 (mobile equipment provision in policy insufficient to satisfy "specifically identified vehicle requirement in R.C. 3937.18 as amended by H.B. 261.). The inclusion of liability coverage for "hired" and "non-owned" vehicles does not transform American Alliance's CGL policy into a motor vehicle liability policy of insurance, and coverage does not arise by operation of law.
 {¶ 25} Accordingly, we find the trial court erred in finding appellee, Janice Dean, was an insured under the commercial general liability policy. Appellant's first assignment of error is sustained.
 II {¶ 26} In the second assignment of error, appellants maintain the trial court erred in finding the American National umbrella policy provides UIM coverage to Janice Dean.
 {¶ 27} American National argues the umbrella policy was not an automobile liability policy of insurance; therefore, it was not required to offer or include UM/UIM coverage under R.C. 3937.18(L)(2).
 {¶ 28} The umbrella policy was first issued to North Canton Medical Foundation on December 18, 1997, and carried effective policy dates of December 18, 1997 to December 18, 1998. It is undisputed the HB 261 changes to R.C. 3937.18, effective September 3, 1997, apply. However, appellants premise their argument upon an incorrect version of the statute. Appellants' brief quotes the SB 57 version of the statute, effective November 1, 1999. Rather, the statutory language in effect on the date of the accident, post HB 261 and prior to SB 57, reads:
 {¶ 29} "(L) As used in this Section, "automobile liability or motor vehicle liability policy of insurance" means either of the following:
 {¶ 30} "(1) Any policy of insurance that serves as proof of financial responsibility, as proof of financial responsibility is defined by division (K) of section 4509.01 of the Revised Code, for owners or operators of the motor vehicles specifically identified in the policy of insurance;
 {¶ 31} "(2) Any umbrella liability policy of insurance."
 {¶ 32} Thus, according to the version of R.C. 3937.18 in effect on the date of the accident, the American National umbrella policy is an automobile liability or motor vehicle liability policy of insurance subject to the requirements of 3937.18. Accordingly, we conclude American National was required to offer UM/UIM coverage to the policy's insureds, and such coverage arises by operation of law.
 {¶ 33} We must next determine whether Janice Dean qualifies as an insured under the umbrella policy. The policy defines "Who Is An Insured" as:
 {¶ 34} "A. If you are designated in the Declarations as:
 {¶ 35} ***
 {¶ 36} "3. An organization other than a partnership or joint venture, you are an "Insured." Your executive officers and directors are "Insureds," but only with respect to their duties as your officers or directors. Your stockholders are also "Insureds," but only with respect to their liability as stockholders.
 {¶ 37} "B. Each of the following is also an "Insured":
 {¶ 38} "1. Your employees, other than your executve officers, but only for acts within the scope of their employment by you."
 {¶ 39} However, none of these employees is an "Insured" for "bodily injury" or "personal injury" to you or to a co-employee while in the course of his or her employment.
 {¶ 40} Janice Dean is an insured under the policy pursuant to both sections (A)(3) and (B)(1).
 {¶ 41} The umbrella policy names North Canton Medical Foundation as the "Named Insured." Section (A)(3) states "you are an `Insured'." North Canton Medical Foundation is a legal entity, incapable of occupying an automobile, suffering bodily injury or death, or operating a motor vehicle. Pursuant to the Supreme Court's rationale in Scott-Pontzer v.Liberty Mut. Fire Ins. Co., 85 Ohio St.3d 660, 1999-Ohio-292:
 {¶ 42} "It would be contrary to previous dictates of this court for us now to interpret the policy language at issue here as providing underinsured motorist insurance protection solely to a corporation without any regard to persons. See Ady v. W. Am. Ins. Co. (1982),69 Ohio St.2d 593, 23 Ohio Op.3d 495, 433 N.E.2d 547. Rather, it would be reasonable to conclude that "you," while referring to Superior Dairy, also includes Superior's employees, since a corporation can act only by and through real live persons. It would be nonsensical to limit protection solely to the corporate entity, since a corporation, itself, cannot occupy an automobile, suffer bodily injury or death, or operate a motor vehicle. Here, naming the corporation as the insured is meaningless unless the coverage extends to some person or persons including to the corporation's employees as the policy contains the ambiguous "you" and the Named Insured is a corporate entity, incapable of suffering bodily injury or occupying a vehicle." Scott-Pontzer, supra.
 {¶ 43} Janice Dean is an insured under the umbrella policy because the policy contains the ambiguous "you" analyzed in Scott-Pontzer.
Accordingly, we find "you" includes employees of North Canton Medical Foundation. We note A(3) does not contain any limitation of scope of employment for coverage of "you," in contrast to that found in B(1).[1]
 {¶ 44} In addition, Janice Dean's status as an insured arises under section (B)(1), regarding employees as insureds. Appellants argue the restriction requiring the employees be acting within the scope of their employment at the time of injury precludes Janice Dean from qualifying as an insured. We disagree.
 {¶ 45} In Scott-Pontzer, the Ohio Supreme Court reviewed an umbrella/excess policy which included "scope of employment" language similar to the "scope of employment" restriction at issue above. The Court found UM/UIM coverage by operation of law and disregarded any restrictions therein:
 {¶ 46} ". . . Liberty Mutual's umbrella/excess insurance policy did restrict coverage to employees acting within the scope of their employment. However, we have already found that Liberty Mutual had failed to offer underinsured motorist coverage through the umbrella policy issued to Superior Dairy. Thus, any language in the Liberty Mutual umbrella policy restricting insurance coverage was intended to apply solely to excess liability coverage and not for purposes of underinsured motorist coverage."
 {¶ 47} The Pontzer Court concluded, "any language" restricting coverage only applies to liability coverage, not UM/UIM coverage. Therefore, language restricting coverage in the liability provisions does not apply to UIM coverage created by operation of law, regardless of whether the restriction appears within the definitional or exclusions section to the liability portion of the policy. Tulak v. Meridian Ins.Co., Tuscarawas App. No. 2002AP110088, 2003-Ohio-3290; Griffith v.Buckeye Union Ins. Co., Stark App. No. 2001CA00410.
 {¶ 48} Accordingly, Janice Dean's status as an insured arises under both section (A)(3) and section (B)(1), and Janice Dean is an insured under the American National umbrella policy for purposes of UM/UIM coverage arising by operation of law.
 {¶ 49} Appellants next argue Janice Dean's violation of the American National umbrella policy's terms and conditions deprives her of the right to UM/UIM coverage under the policy. Conversely, we have consistently concluded such restrictions do not apply to coverage arising by operation of law. Scott-Pontzer, supra; Pelc v. Hartford Fire InsCo., Stark App. No. 2002CA00142, 2003 Ohio 764; Green v. Westfield Ins.Co., Stark App. No. 2002CA00114, 2002 Ohio 6179; Rohr v. Cincinnati Ins.Co., Stark App. No. 2001CA00237, 2002 Ohio 1583.
 {¶ 50} Appellants' second assignment of error is overruled.
 {¶ 51} The judgment of the Stark County Court of Common Pleas is affirmed in part and reversed in part and remanded to the trial court for further proceedings in accordance with the law and this opinion.
 AFFIRMED IN PART, REVERSED IN PART AND REMANDED
By: Hoffman, P.J., Farmer, J. and Wise, J. concur.
[1] There is a limitation on coverage for executive officers, directors and stockholders in A(3).