OPINION
{¶ 1} Plaintiffs-appellants the Estate of Clyde D. Shaffer and the Estate of Katherine I. Shaffer appeal the June 6, 2003 Judgment Entry of the Tuscarawas County Court of Common Pleas, which granted summary judgment against them, and in favor of defendants-appellees Erie Insurance Exchange and Erie Insurance Company (collectively "Erie").
 STATEMENT OF THE FACTS AND CASE {¶ 2} On December 24, 2000, Clyde and Katherine Shaffer were involved in an automobile accident, while operating a vehicle owned by Katherine. Daniel C. Ocheltree operated the other vehicle involved in the accident. As a result of the accident, both Clyde and Katherine sustained injuries ultimately resulting in their deaths. At the time of his death, Clyde was a trustee of Warren Township.
 {¶ 3} On the date of the accident, Erie had in effect two polices of insurance issued to the Warren Township Trustees as the named insured: a business auto policy, Policy No. Q06-6400131 ("the Commercial Auto Policy"), in effect from June 14, 2000 to June 14, 2001, and a commercial general liability policy ("the CGL Policy"), Policy No. Q42 1450374, in effect from June 14, 2000 to June 14, 2001. The Shaffers are each insureds under both policies.
 {¶ 4} The Executrix of the Estates of Katherine Shaffer and Clyde Shaffer filed actions on behalf of the decedents and their surviving wrongful death beneficiaries against Daniel Ocheltree, Rebecca Ocheltree, State Farm Insurance Companies and Erie Insurance Exchange and Erie Insurance Company. Erie filed a motion for summary judgment, and appellants filed a cross-motion for summary judgment. Via a June 6, 2003 Judgment Entry the Tuscarawas County Court of Common Pleas sustained Erie's motion, denying appellants' cross-motion for summary judgment. It is from this Judgment Entry appellants now appeal raising the following as assignments of error:
 {¶ 5} "I. The trial court erred in sustaining appellee Erie's motion for summary judgment and overruling appellants' motion for summary judgment declaring that the Erie Insurance Company Commercial Auto Policy does not provide underinsured Motorist Coverage to plaintiffs.
 {¶ 6} "II. The trial court erred in sustaining appellee Erie's motion for summary judgment and in overruling appellants' cross-motion for summary judgment in declaring that there is no underinsured motorist coverage and claim by appellants under the Erie Comprehensive General Liability Policy."
 {¶ 7} Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. Smiddy v. The Wedding Party,Inc. (1987), 30 Ohio St.3d 35, 36.
 {¶ 8} Civ.R. 56(C) states, in pertinent part:
 {¶ 9} "Summary Judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor."
 {¶ 10} Pursuant to the above rule, a trial court may not enter a summary judgment if it appears a material fact is genuinely disputed. The party moving for summary judgment bears the initial burden of informing the trial court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. The moving party may not make a conclusory assertion that the non-moving party has no evidence to prove its case. The moving party must specifically point to some evidence which demonstrates the non-moving party cannot support its claim. If the moving party satisfies this requirement, the burden shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. Vahila v. Hall
(1997), 77 Ohio St.3d 421, 429, citing Dresher v. Burt (1996),75 Ohio St.3d 280.
 {¶ 11} It is based upon this standard we review appellant's assignments of error.
 I THE COMMERCIAL AUTO POLICY {¶ 12} In their first assignment of error, appellants maintain the trial court erred in finding the Erie Commercial Auto Policy does not provide UM/UIM coverage to appellants. We disagree.
 {¶ 13} The Commercial Auto Policy contains a UM/UIM Endorsement, which provides:
 {¶ 14} "We will pay damages for bodily injury that the law entitles anyone we protect to recover from the owner or operator of an uninsured motor vehicle or underinsured motorvehicle."
 {¶ 15} The Policy's exclusions state:
 {¶ 16} "This insurance does not apply:
* * *
 {¶ 17} "5. to injury to anyone we protect:
* * *
 {¶ 18} "b. when the vehicle is not specifically identified in the policy under which a claim is made; * * *"
 {¶ 19} The Auto Policy declarations page states insurance is only provided where a premium is shown for the coverage. UM/UIM coverage is expressly provided as a premium is listed for said coverage. However, according to the declarations, the township paid a UM/UIM premium for only two vehicles, a 1990 Ford F-350 dump truck and a 1998 International dump truck owned by the Warren Township Trustees. Therefore, the township did not purchase UM/UIM coverage for any other vehicle, including hired and non-owned vehicles. Only the liability portion of the policy provides coverage for hired and non-owned vehicles. Therefore, the vehicle operated by the Shaffers at the time of the accident is not included within the list of scheduled vehicles covered for UM/UIM purposes, and UM/UIM coverage is not available. The trial court did not error in granting summary judgment as to the Commercial Auto Policy.
 {¶ 20} Appellants' first assignment of error is overruled.
 II THE COMMERCIAL GENERAL LIABILITY POLICY {¶ 21} In the second assignment of error, appellants maintain the trial court erred in declaring there is no UM/UIM coverage under the Erie CGL Policy. Appellants assert the CGL Policy is a motor vehicle or automobile liability policy for purposes of R.C.3937.18 due to the valet parking and mobile equipment provisions within the policy's language.
 {¶ 22} R.C. 3937.18, as amended by H.B. 261, defines a motor vehicle or automobile liability policy as:
 {¶ 23} "(1) Any policy of insurance that serves as proof of financial responsibility, as proof of financial responsibility is defined by Division (K) of Section 4509.01 of the Revised Code, for owners or operators of the motor vehicles specificallyidentified in the policy of insurance; * * *" (Emphasis added.)
 {¶ 24} Appellants contend the valet parking and mobile equipment provisions found in the policy transform the CGL into a motor vehicle policy, requiring the offer of UM/UIM coverage. However, it is unnecessary for us to determine whether the valet parking provision and the mobile equipment provision are sufficient to transform the CGL into a motor-vehicle liability policy, because, as a preliminary matter, the CGL Policy does not specifically identify motor vehicles. As such, we find the policy is not a motor vehicle liability policy. Werstler v. WestfieldIns. Co., Stark App. No. 2002CA00227, 2003-Ohio-1715.
 {¶ 25} The policy does not specifically identify vehicles contained in either the mobile equipment or the valet parking provision; therefore, we find the CGL Policy is not a motor vehicle policy pursuant to R.C. 3937.18(L)(1), and UM/UIM coverage is not afforded to appellants.
 {¶ 26} Appellants' second assignment of error is overruled.
 {¶ 27} The June 6, 2003 Judgment Entry of the Tuscarawas County Court of Common Pleas is affirmed.