OPINION
{¶ 1} Donalene Morris, plaintiff-appellant, appeals from a judgment of the Franklin County Court of Common Pleas granting summary judgment to State Automobile Mutual Insurance Company, State Auto Property and Casualty Company, and State Auto Insurance Companies (collectively referred to as "State Auto"), defendants-appellees.
 {¶ 2} On October 21, 2000, appellant's daughter, Mindi Whitmer-Benedict, was killed in an automobile accident caused by the negligence of Jerry Calentine, Jr. Mindi was survived by several family members, including appellant. Appellant was a named insured in a businessowners insurance policy issued by State Auto ("State Auto policy" or "policy"). After obtaining consent from State Auto, Mindi's estate settled its claim against Calentine for $50,000, the limits of his liability policy.
 {¶ 3} On October 18, 2002, several members of Mindi's family, including appellant, filed a complaint, individually and/or on behalf of Mindi's estate, against several insurance companies, including the various State Auto entities. With regard to appellant's claims, appellant alleged that, although the State Auto policy did not specifically provide uninsured/underinsured motorists ("UM/UIM") coverage, UM/UIM was included by operation of law because there was no valid offer and rejection of such coverage. On April 10, 2003, appellant filed a motion for summary judgment against State Auto. On April 23, 2003, State Auto filed a cross-motion for summary judgment claiming that, because the policy was not an automobile or motor vehicle liability policy as defined by R.C. 3937.18(L), it did not need to offer UM/UIM coverage and, thus, coverage was not provided by operation of law. On July 21, 2003, the trial court issued a decision overruling appellant's motion for summary judgment and granting State Auto's motion for summary judgment. The trial court memorialized the decision via judgment entry on August 14, 2003. Subsequently, a notice of dismissal was filed with regard to the claims against the remaining defendants. On September 3, 2003, the trial court issued a nunc pro tunc entry, in which it rendered judgment in favor of State Auto as to all claims asserted against it by appellant. Appellant appeals the judgment of the trial court, asserting the following assignment of error:
The trial court erred in concluding that an insurance policy which provides liability coverage for hired and non-owned vehicles is not a motor vehicle policy of insurance.
 {¶ 4} Appellant argues in her assignment of error that the trial court erred in granting State Auto's motion for summary judgment and denying her motion for summary judgment. Summary judgment will be granted where the movant demonstrates that there is no genuine issue of material fact, that the moving party is entitled to judgment as a matter of law, and where reasonable minds can only reach one conclusion, which is adverse to the non-moving party. Harless v. Willis Day Warehousing Co. (1978),54 Ohio St.2d 64, 66. Once the moving party has satisfied its initial burden, the non-moving party has a reciprocal burden of setting forth specific facts showing there is a genuine issue for trial. Dresher v. Burt (1996), 75 Ohio St.3d 280, 293.
 {¶ 5} Appellant argues that the State Auto policy was a "motor vehicle liability policy" as used in R.C. 3937.18. Thus, appellant asserts that, because the policy was a motor vehicle liability policy and State Auto failed to offer UM/UIM coverage under the policy, UM/UIM coverage arose by operation of law. State Auto counters that the businessowners policy was not a motor vehicle liability policy. Thus, State Auto contends it was not required to offer UM/UIM coverage, and appellant is not entitled to UM/UIM coverage.
 {¶ 6} Initially, we note that the statutory law in effect on the date the policy was issued is the law to be applied. Ross v.Farmer Ins. Group of Cos. (1998), 82 Ohio St.3d 281, 287. Accordingly, the H.B. No. 261 amendments to R.C. 3937.18, effective September 3, 1997, control the rights and obligations of the parties herein. See id., at syllabus.
 {¶ 7} R.C. 3937.18(A) required an auto insurer to offer UM/UIM coverage for every "automobile liability or motor vehicle liability policy." If the insurer failed to offer UM/UIM coverage, it arose by operation of law. Abate v. Pioneer MutualCas. Co. (1970), 22 Ohio St.2d 161, 163. In the present case, it is undisputed that the State Auto policy did not offer or provide for UM/UIM coverage. The issue, therefore, is whether the State Auto policy is a "motor vehicle liability policy" for purposes of R.C. 3937.18 so as to have required such an offer.
 {¶ 8} R.C. 3937.18(L)(1), which was amended by H.B. No. 261, defines, in pertinent part, an "automobile liability or motor vehicle liability policy of insurance" as:
Any policy of insurance that serves as proof of financial responsibility is defined by division (K) of section 4509.01 of the Revised Code, for owners or operators of the motor vehicles specifically identified in the policy of insurance[.]
 {¶ 9} In the present case, appellant argues that, because the State Auto policy provided liability coverage for "hired" and "non-owned" motor vehicles, it was a "motor vehicle liability policy" as defined by R.C. 3937.18(L). The endorsement to the State Auto policy provides, in pertinent part:
A. Insurance is provided only for those coverages for which a specific premium charge is shown in the Declarations or in the Schedule.
1. HIRED AUTO LIABILITY
The insurance provided under the Businessowners Liability Coverage Form, Paragraph A.1. Business Liability, applies to "bodily injury" or "property damage" arising out of the maintenance or use of a "hired auto" by you or your employees in the course of your business.
2. NON-OWNED AUTO LIABILITY
The insurance provided under the "Businessowners Liability Coverage Form", Paragraph A.1. Business Liability, applies to "bodily injury" or "property damage" arising out of the use of any "non-owned auto" in your business by any person other than you.
* * *
C. The following additional definitions apply:
* * *
2. "Hired Auto" means any "auto" you lease, hire or borrow. This does not include any "auto" you lease, hire or borrow from any of your employees or members of their households, or from any partner or executive officer of yours.
3. "Non-Owned Auto" means any "auto" you do not own, lease, hire or borrow which is used in connection with your business. However, if you are a partnership, a "non-owned auto" does not include any "auto" owned by any partner.
 {¶ 10} In support of her argument that a policy providing coverage for hired and non-owned vehicles is sufficient to satisfy R.C. 3937.18(L) and need not further identify the vehicles according to specific make and model, appellant relied heavily upon Selander v. Erie Ins. Group (1999),85 Ohio St.3d 541. In Selander, the Ohio Supreme Court found that, pursuant to the pre-H.B. No. 261 version of R.C. 3937.18, UM/UIM coverage arose by operation of law in a general liability policy that provided coverage for hired or non-owned automobiles even though the policy failed to identify specific vehicles. The trial court in the present case found that Selander had been superceded by H.B. No. 261. The trial court went on to find that, under R.C.3937.18(L), as amended by H.B. No. 261, the policy did not meet the requirements for proof of financial responsibility because neither the declarations page nor the policy itself "specifically identified" any motor vehicles in the policy. The trial court concluded that the policy's general description of hired and non-owned vehicles was insufficient to make it a "motor vehicle liability policy" pursuant to R.C. 3937.18.
 {¶ 11} However, appellant contends that the trial court's conclusion that H.B. No. 261 supercedes Selander by requiring an insurance policy to specifically identify the makes and models of motor vehicles was rejected by this court's decision in Davisv. State Farm Fire Cas. Co. (Dec. 18, 2001), Franklin App. No. 00AP-1458. In Davis, a mother sought UM/UIM coverage under her homeowner's policy for the death of her adult son, claiming that the "residence employee" exception to the exclusion from coverage rendered the policy a motor vehicle policy subject to R.C.3937.18. The trial court denied coverage. On appeal, this court found that the matter must be remanded to determine the effective date of the last guaranteed policy period so as to be able to determine which version of R.C. 3937.18 applied. However, after deciding to remand the matter, we discussed the holding in Jumpv. Nationwide Mut. Ins. Co. (Nov. 2, 2001), Montgomery App. No. 18880.
 {¶ 12} In Jump, the commercial automobile insurance policy at issue provided coverage for hired and non-owned automobiles. The appellate court found that a policy containing coverage only for hired and non-owned automobiles was not a motor vehicle liability policy under amended R.C. 3937.18, and the insurer was not required to provide UM/UIM coverage. The court in Jump
determined that the general categories of hired and non-owned vehicles do not qualify as "specifically identified" vehicles using the plain and ordinary meaning of those terms. In so finding, the appellate court found Selander inapplicable because it was decided before R.C. 3937.18(L) was enacted.
 {¶ 13} In Davis, this court stated that, contrary toJump, the legislature did not intend "to require makes, models, and serial numbers" to be included in the policy when it used the term "specifically identified." Id. Therefore, we indicated inDavis that the policy's identification of vehicles "owned or operated by or rented or loaned to any insured" was sufficiently specific to render the policy a motor vehicle policy, pursuant to R.C. 3937.18(L).
 {¶ 14} Since Davis, this court has found that the discussion regarding R.C. 3937.18(L) and Jump was not needed to resolve the appeal in that case. Accordingly, this court has since regarded these observations in Davis as dicta, and elected to follow Jump, finding that vehicles must be particularly identified. See Allen v. Trans. Ins. Co., Franklin App. No. 02AP-49, 2002-Ohio-6449, at ¶ 36 (discussing commercial general liability policy provisions for parking autos and mobile equipment); Gibbons-Barry v. Cincinnati Ins. Cos., Franklin App. No. 01AP-1437, 2002-Ohio-4898, at ¶ 44 (discussing homeowner's policy provision for vehicles owned or operated by or rented or loaned to an insured); and Dixon v. Professional StaffMgt., Franklin App. No. 01AP-1332, 2002-Ohio-4493, at ¶ 34 (discussing homeowner's policy with general exclusion for coverage of automobiles except for "residence employees").
 {¶ 15} Other Ohio appellate courts have regarded our discussion in Davis as dicta and have followed Jump. SeeLane v. State Auto Ins. Cos., Miami App. No. 2002-CA-10, 2002-Ohio-5128, at ¶ 19 (discussing a commercial liability policy with coverage for mobile equipment, vehicles used only on premises owned or rented to the named insured, vehicles designed primarily for off-road use, and vehicles on crawler treads, and with exclusions for autos owned, operated by, rented to, or loaned to an insured, except the certain parking autos); Bertramv. West Am. Ins. Co., Cuyahoga App. No. 81313, 2002-Ohio-6513, at ¶ 32 (discussing a commercial businessowners policy with provisions pertaining to hired and non-owned vehicles); Smith v.Nationwide Prop. Cas. Ins. Co., Montgomery App. No. 19857, 2003-Ohio-5530, at ¶ 27-29 (discussing a commercial businessowners policy pertaining to hired and non-owned vehicles).
 {¶ 16} Appellant cites three cases from Ohio for the proposition that commercial policies that insure hired and non-owned vehicles "specifically identify" vehicles within the definition of H.B No. 261. See Perkins v. Hill (May 14, 2002), Lucas C.P. No. CI01-1425 (discussing commercial automobile policy and finding hired and non-owned vehicles met the statutory requirement of being "specifically identified," relying uponMayle, infra); Mayle v. Gimroth (Feb. 5, 2002), Stark C.P. No. 2001CV00084 (discussing a commercial automobile liability policy and finding hired and non-owned vehicles met the statutory requirement of being "specifically identified," relying uponDavis); Smith v. Cincinnati Ins. Co. (May 24, 2001), Lake C.P. No. 00CV000916 (discussing commercial general liability policy and finding hired and non-owned vehicles met the statutory requirement of being "specifically identified," relying upon dictionary definition of "specific") ("Smith I").
 {¶ 17} All three of the cases cited by appellant are common pleas court cases from other districts. The appellate courts in the districts from which the Mayle and Perkins decisions originated have since rejected the theories relied upon by these two common pleas courts and have applied Jump to find that coverage for hired or non-owned automobiles does not specifically identify motor vehicles for purposes of R.C. 3937.18. See, e.g.,Dean v. Royal Ins. Co. of America, Stark App. No. 2003CA00020, 2003-Ohio-5915, at ¶ 24 (Fifth Appellate District finding commercial general liability policy providing coverage only for hired and non-owned autos does not specifically identify vehicles for purposes of R.C. 3937.18); Dancy v. Citizens Ins. Co.,
Tuscarawas App. No. 2002 AP 11 0086, 2003-Ohio-2858 (Fifth Appellate District finding commercial general liability policy containing a business auto coverage form providing liability coverage for hired and non-owned autos was not a motor vehicle policy); Wikstrom v. Hilton, Lucas App. No. L-02-1256, 2003-Ohio-4725, at ¶ 19-21 (Sixth Appellate District finding commercial general liability with a business auto coverage form containing provisions for hired and non-owned vehicles does not specifically identify vehicles for purposes of R.C. 3937.18).
 {¶ 18} As for Smith I, supra, the common pleas court in that case relied upon the dictionary definition of "specific" and found that the words "non-owned" and "hired" were "specific" classes so as to comply with R.C. 3937.18(L). In deciding the appeal from the trial court's decision in Smith I, the Eleventh Appellate District specifically stated that it was passing no judgment as to whether the specific identification of hired or non-owned vehicles was a prerequisite to coverage. See Smith v.Cincinnati Ins. Co., Lake App. No. 2001-L-114, 2002-Ohio-7343, at ¶ 25 ("Smith II"). The Eleventh Appellate District has yet to determine this issue. See Leasure v. Perry, Portage App. No. 2001-P-0153, 2003-Ohio-2103, fn.1, citing Smith II
(specifically stating that it was passing no judgment as to whether specific identification of hired or non-owned vehicles is a prerequisite of coverage).
 {¶ 19} Contrary to the cases cited by appellant, the Second, Third, Fifth, Sixth, Eighth, Ninth, and Tenth District Courts of Appeals have specifically found that coverage for only hired or non-owned automobiles does not specifically identify motor vehicles for purposes of R.C. 3937.18(L), or have cited with approval cases finding such. See, e.g., Jump, supra (Second Appellate District); Reffitt v. State Auto. Mut. Ins. Co.,
Allen App. No. 1-02-38, 2002-Ohio-4885 (Third Appellate District); Dean, supra (Fifth Appellate District); Wikstrom,
supra (Sixth Appellate District); Bertram, supra (Eighth Appellate District); Tharp v. Berdanier, Summit App. No. CIV.A. 21473, 2003-Ohio-6589 (Ninth Appellate District); Dixon, supra (Tenth Appellate District, citing Jump with approval).
 {¶ 20} The Fourth Appellate District has found that coverage for parking autos that are not owned by, rented, or loaned to the insured is sufficient to convert a commercial general liability policy into a motor vehicle policy for purposes of former R.C.3937.18. See Rucker v. Davis, Ross App. No. 02CA2677, 2003-Ohio-3189, at ¶ 25, affirmed by In re Uninsured Underinsured Motorist Coverage Cases, 100 Ohio St.3d 302,2003-Ohio-5888, at ¶ 38. However, the court's basis for its finding was that the term "parking" was "slightly ambiguous," and, thus, because courts must liberally construe ambiguous language in favor of the claimant, it was required to find that the provision rendered the policy a motor vehicle liability policy.
 {¶ 21} In following the precedent of this court and other appellate districts that have addressed the issue before us, we find that the categories of "hired" and "non-owned" automobiles in a businessowners policy do not qualify as "specifically identified" vehicles, pursuant to R.C. 3937.18(L). Accordingly, the businessowners policy issued by State Auto to appellant was not a motor vehicle liability policy for purposes of R.C. 3937.18
and, thus, State Auto was not required to offer UM/UIM coverage. Therefore, UM/UIM coverage did not arise by operation of law, and appellant is not entitled to coverage under the policy. For these reasons, appellant's assignment of error is overruled.
 {¶ 22} Accordingly, appellant's single assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
 Bowman and Sadler, JJ., concur.