OPINION
{¶ 1} On December 4, 2000, Sandra Deffenbaugh died as a result of an automobile accident. At the time of the accident, Mrs. Deffenbaugh's husband, appellant, Charles Deffenbaugh, owned and operated Deffenbaugh Excavating, insured under a commercial general liability policy issued by appellee, Auto Owners Insurance Company.
 {¶ 2} On October 25, 2001, appellant, individually and as administrator of his wife's estate, filed a complaint for wrongful death and coverage under various insurance policies, including coverage under the uninsured/underinsured motorist provisions of appellee's aforementioned policy. On November 19, 2002, appellant, together with his children and other family members, filed an amended complaint. All parties filed motions for summary judgment. By judgment entry filed March 14, 2003, the trial court found in favor of appellants, finding they were entitled to coverage under the commercial general liability policy.
 {¶ 3} Following a motion to reconsider and a dismissed appeal, appellee filed a second motion to reconsider on October 14, 2003. By judgment entry filed November 28, 2003, the trial court reconsidered its March 14, 2003 decision and found in favor of appellee, finding the commercial liability policy at issue provided for incidental liability coverage only and therefore R.C. 3937.18 did not apply.
 {¶ 4} Appellants filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:
 I {¶ 5} "The trial court erred in holding that the auto owners' policy at issue only provides `incidental' auto liability coverage and thus is not subject to R.C. 3937.18."
 I {¶ 6} Appellants claim the trial court erred in finding appellee's commercial general liability policy was not a motor vehicle liability policy and therefore did not fall within the mandates of R.C. 3937.18. We disagree.
 {¶ 7} This court is once again called upon to review a post-H.B. No. 261 commercial general liability policy to determine if uninsured/underinsured motorist coverage arises by operation of law.
 {¶ 8} The policy explicitly excludes motor vehicle coverage. See Section I(A)(2)(g) of the Commercial General Liability Coverage Form, attached to Plaintiffs' November 12, 2002 Motion for Summary Judgment as Exhibit 4. However, this section contains the following exclusions in pertinent part:
 {¶ 9} "This exclusion does not apply to:
 {¶ 10} "* * *
 {¶ 11} "(3) Parking an `auto' on, or on the ways next to, premises you own or rent, provided the `auto' is not owned by or rented or loaned to you or the insured;
 {¶ 12} "* * *
 {¶ 13} "(5) `Bodily injury' or `property damage' arising out of the operation of any of the equipment listed in paragraph f.(2) or f.(3) of the definition of `mobile equipment' (Section V.8.)." Id. at Section I(A)(2)(g)(3) and (5).
 {¶ 14} The "mobile equipment" referred to in this section includes the following:
 {¶ 15} "(2) Cherry pickers and similar devices mounted on automobile or truck chassis and used to raise and lower workers; and
 {¶ 16} "(3) Air compressors, pumps and generators, including spraying, welding, building cleaning, geophysical exploration, lighting and well servicing equipment." Id. at Section V(8)(f)(2) and (3).
 {¶ 17} Appellants cite the following language from the Motor Vehicle Laws endorsement:
 {¶ 18} "We will provide coverage:
 {¶ 19} "1. up to the minimum required limits; and
 {¶ 20} "2. subject to all the terms and conditions of the policy;
 {¶ 21} "to comply with any motor vehicle insurance law to the extent such law applies to the `mobile equipment' covered by this coverage part." See Motor Vehicle Laws Endorsement, No. 55064, attached to Plaintiffs' November 12, 2002 Motion for Summary Judgment as Exhibit 6. (Emphasis added.)
 {¶ 22} Appellants argue the emphasized language serves as proof of financial responsibility to satisfy the definition of a motor vehicle liability policy in R.C. 3937.18(L) as cited in Appellants' Brief at 16:
 {¶ 23} "As used in this section, `automobile liability or motor vehicle liability policy of insurance' means either of the following:
 {¶ 24} "Any policy of insurance that serves as proof of financial responsibility, as proof of financial responsibility is defined by division (K) of section 4509.01 of the Revised Code, for owners or operators of the motor vehicles specifically identified in the policy of insurance; and
 {¶ 25} "(2) Any umbrella liability policy of insurance * * *."
 {¶ 26} Appellants argue the exclusions plus the language from the Motor Vehicle Laws endorsement makes the commercial general liability policy a motor vehicle liability policy subject to R.C.3937.18.
 {¶ 27} This court has been steadfast in concluding that commercial general liability policies do not constitute motor vehicle liability policies subject to R.C. 3937.18 despite incidental coverage for "valet parking" and mobile equipment. See, Heidt v. Fed. Ins. Co., Stark App. No. 2002CA00314, 2003-Ohio-1785, and Dalton v. The Travelers Ins. Co., Stark App. Nos. 2001CA00380, 2001CA00393, 2001CA00407, and 2001CA00409, 2002-Ohio-7369, both affirmed in part and reversed in part on other grounds, 100 Ohio St.3d 302, 2003-Ohio-5888; Jordan v.Travelers Property Cas. Ins. Co., Stark App. No. 2002CA00248, 2003-Ohio-1309; Jett v. State Auto. Mut. Ins. Co., Stark App. No. 2002CA00183, 2002-Ohio-7211; Szekeres v. State Farm Fire Cas. Co., Licking App. No. 02CA00004, 2002-Ohio-5989, affirmed,100 Ohio St.3d 302, 2003-Ohio-5888.
 {¶ 28} Further, the policy of insurance sub judice does not specifically identify motor vehicles. This court has found commercial general liability policies that do not specifically identify motor vehicles are not motor vehicle liability policies. See, Pugh v. Erie Ins. Exchange, Stark App. No. 2002CA00134, 2002-Ohio-5929; Dean v. Royal Ins. Co. of America, Stark App. No. 2003CA00020, 2003-Ohio-5915; Turvey v. Ocheltree,
Tuscarawas App. No. 2003AP070052, 2004-Ohio-690.
 {¶ 29} Based upon the case law of this appellate district, we find the provisions cited by appellants do not convert the commercial general liability policy into a motor vehicle liability policy for purposes of uninsured/underinsured motorist coverage.
 {¶ 30} The sole assignment of error is denied.
 {¶ 31} The judgment of the Court of Common Pleas of Coshocton County, Ohio is hereby affirmed.
Farmer, J. and Wise, J. concur.
Hoffman, P.J. concurs separately.